UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON, CDCR #E-62612,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL G. WHEAT,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:17-cv-01550-AJB-BLM<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO RECUSE ALL JUDGES AND MAGISTRATE JUDGES;**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); AND**<br><br>**(3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

David Scott Harrison (Plaintiff), currently incarcerated at San Quentin State Prison located in San Quentin, California, and proceeding pro se, has filed a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.)

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed this case; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). In addition, Plaintiff has filed a "Motion to Recuse all Judges and Magistrate Judges of the United States District Court, Southern District of California." (ECF No. 3.)

## I. Motion for Recusal

Plaintiff seeks recusal of all the United States District Judges and Magistrate Judges of the Southern District of California from this matter pursuant to 28 U.S.C. § 144 and § 455. (*See* Pl.'s Mot, ECF No. 3, at 1.) If a party brings a timely § 144 motion, and the accompanying affidavit is determined to be legally sufficient, another judge must be assigned to hear the matter. *See* 28 U.S.C. § 144; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1990). An affidavit brought pursuant to § 144 is found to not be legally sufficient "unless it specifically alleges facts that fairly support the contention that the judge exhibits or prejudice directed toward a party that stems from an extrajudicial source." *Id.* at 868. However, a motion that is also brought pursuant to § 455 does not require the "referral of the question of recusal to another judge" because § 455 includes no such provision. *Id.*

"'In the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him,'" *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972)), "except those in which [his] 'impartiality might reasonably be questioned.'" *Id.* (citing 28 U.S.C. § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.")). A motion to disqualify "must be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 549 (1994).

Here, Plaintiff asserts that "[m]any of the judges and magistrate judges of this courthouse have been involved in the litigation that has flowed from 1988 to present, and

are aware of the assertions made by Declarant against Judge Burns." (Pl.'s Decl., ECF No. 3, at 11.)  Plaintiff claims that it is his "belief that Declarant cannot ever receive a fair or judge adjudication in this courthouse in this case, or in any other case, as a result of the declared facts." (*Id.*)  Plaintiff maintains that "all judges and magistrate judges of this courthouse are bias in favor of Burns, and prejudiced against Harrison." (Pl.'s Mot., ECF No. 3, at 5.)

Under either section, a judge should recuse themselves if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  Here, the Court finds that Plaintiff's claims are too vague and contain no specific allegations relating to this Court or any of the other Southern District Judges and Magistrate Judges, other than the claims against United States District Judge Larry Burns who is not presiding over this matter.  Absent some specific allegation of personal bias, prejudice or interest, there is no showing that the Court's impartiality may reasonably be questioned. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to require recusal). Plaintiff's conclusory and vague allegations are insufficient to establish bias by this Court or that the impartiality of this Court might reasonably be questioned.  Plaintiff's Motion to Recuse all District Judges and Magistrate Judges in the Southern District of California is DENIED.

I.  **Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v.*

*Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

/ / /

/ / /

/ / /

/ / /

Thus, this Court takes judicial notice that Plaintiff has had at least three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

    1) *Harrison v. Hurst, et al.*, Civil Case No. 2:93-cv-2196-oh (W.D. Tenn. Feb. 25, 1993) (Order of Dismissal finding complaint frivolous) (strike one);

    2) *Harrison v. Hawk, et al.* Civil Case No. 2:93-cv-3086-rmm (W.D. Tenn. Jan. 4, 1994) (Memorandum and Order of Dismissal finding action frivolous) (strike two);

    3) *Harrison v. Dumanis, et al.,* Civil Case No. 3:06-cv2470-RLH (S.D. Cal. Apr. 18, 2007) (Order granting Motion to Dismiss for failing to state a claim) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

    1) **DENIES** Plaintiff's Motion to Recuse [ECF No. 3];

    2) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

///

///

///

3) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: September 20, 2017

Hon. Anthony J. Battaglia
United States District Judge